## Commonwealth v. One 1955 Dodge 2-Ton Stake Body Truck

*Sherman K. Levine*, for Commonwealth.

*William E. Pfadt* and *Robert N. Spaeder*, for claimants.

EVANS, P. J., February 8, 1960.—This matter is before the court on a petition filed by the Pennsylvania

Liquor Control Board seeking an order forfeiting one 1955 Dodge two-ton stake body truck, manufacturer's number 80403032, Pennsylvania 1958 registration number U1638B.

Also before us is a petition on behalf of Gehrlein Tire Company, owner of said truck, and Security Peoples Trust Company, holder of a lien, seeking an order that the question as to the right of forfeiture be referred to a jury.

We will first consider the petition for a jury trial. Inasmuch as there are no disputed questions of fact involved, this motion, if for no other reason, must be refused.

Testimony taken on the petition for forfeiture shows that the truck in question was, on November 19, 1958, placed in the custody of an employe, Emmett Moran, who was also given $273 and directed to purchase a quantity of whiskey in Conneaut, Ohio, at the State Liquor Store there located. Moran purchased 77 bottles of whiskey and was arrested by the Pennsylvania enforcement officers in Erie County, Pa., with this cargo aboard and without Pennsylvania tax stamps attached.

It has been stipulated of record that the Security Peoples Trust Company is the holder of a valid encumbrance against said truck with a balance owing thereon in the amount of $844.22, with interest from July 14, 1959. It is not contended that said lienholder had knowledge of the illegal use of said truck at the time it was seized.

It is the contention of the Commonwealth that the truck is contraband and should be forfeited as to the owner, Gehrlein Tire Company, and without protection to the Security Peoples Trust Company as to its lien. At a continued hearing held at the direction of the court to permit Gehrlein Tire Company to offer any evidence in its behalf and for exoneration from responsibility for the acts of its agent, Moran, said

owner announced that no such defense would be presented. Hence, we conclude that forfeiture of the truck is proper and necessary.

It is conceded that under the Liquor Code of April 12, 1951, P. L. 90, 47 PS §6-601, there was no protection afforded to anyone as a lienholder or innocent owner. However, on April 20, 1956 P. L. 1508, this act was amended, 47 PS §6-602, by the provision reading as follows:

". . . if it appears that said vehicle, [etc.,] was unlawfully possessed or used, the court may, in its discretion, adjudge same forfeited and condemned as hereinafter provided."

In Commonwealth v. One 1955 Chevrolet Truck, 21 Beaver 5, under circumstances similar to those in the case at bar, forfeiture was ordered without any protection to the innocent lienholder. In Commonwealth v. Charles West, 20 Fayette 78, the court refused forfeiture for the reason that the truck at the time of its illegal use was in the hands of the owner's stepson, the owner having had no knowledge of, or participation in, any of the acts which led to the petition for forfeiture. We find no appellate decisions to guide us.

It is apparent that our problem is to determine whether we may, under the authority given us, forfeit the truck because of the owner's knowledge of and participation in its unlawful use and, at the same time, protect the innocent lienholder. In the interest of justice, we conclude that such an order may and should be made. It does not seem that, under the facts here involved, the guilty and innocent should be required to rise or fall together.

The Act of 1956, granting the court discretion in such matters, could only have for its purpose a relaxation of the arbitrary and positive direction for forfeiture as previously provided under the Act of 1951, supra. " 'Discretion is to discern between right and

wrong; and therefore whoever hath power to act at discretion is bound by the rule of reason and law' ": Dauphin County Grand Jury Investigation Proceedings, (No. 3) 332 Pa. 358, at page 364.

It must be noted that the legislature, under the Act of May 25, 1956, P. L. 1743, provided for protection to a bona fide lienholder of equipment or appurtenances used in the commission of similar unlawful acts, and it does not seem reasonable that the legislature intended to protect the interest of such bona fide lienholder with respect to bar equipment and, at the same time, absolutely exclude the right to such protection to a bona fide lienholder against a vehicle.

We must also determine who should pay the costs of this proceeding, including storage charges. If we hold that the lienholder is entitled to its money in full, irrespective of the cost of seizure and storage, then the Liquor Control Board must always act at its peril or the custodian for storage purposes will at times be required to suffer a loss. We are not construing a statute as was the case in Commonwealth v. Two Ford Trucks, 185 Pa. Superior Ct. 292, where the chips must fall where they will. We are exercising a discretion and should consider all of the circumstances involved to determine what is right or wrong. The testimony shows that this truck had on other occasions been used for similar illegal transportation of untaxed liquor, and the lienholder, although unaware of this practice, should have some responsibility towards selecting good risks and should not here prevail in all respects over the rights of the public in law enforcement.

And now, to wit, February 8, 1960, it is ordered and decreed that the Dodge truck involved in the above-entitled proceedings shall be delivered to the Liquor Control Board for its use or sale under the following conditions:

(a) The board may keep the truck for its own use upon payment to the Security Peoples Trust Company of the amount of its lien in the amount of $844.22, with interest from July 14, 1959; or

(b) After 10 days notice to the Security Peoples Trust Company, it may sell said truck and apply the proceeds of such sale, first to the payment of storage charges and costs of this proceeding, second to the Security Peoples Trust Company in the amount of, or on account of, its lien, with interest, and the balance, if any, into the State Stores Fund; or

(c) It may return the vehicle to the lienholder upon receipt of costs of this proceeding, including those for storage.

The motion for a jury trial is refused.